UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CHRISTIAN, individually, and on behalf of all others similarly situated

        Plaintiff,

v.                                               Case No: 2:14-cv-620-FtM-38CM

AMICA MUTUAL INSURANCE COMPANY,

        Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff's Motion to Remand to State Court filed on November 13, 2014. ([Doc. #11](#)). Although the time for Defendant to respond to Plaintiff's Motion has not yet expired, the Court notes that the Motion fails to comply with the Local Rules of the Middle District of Florida. Specifically, Local Rule 3.01(g) provides in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, *and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

> A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g) (emphasis added). Here, Plaintiff's Motion clearly lacks a certification noting that he first conferred with Defendant to determine whether or not the requested relief is opposed. Accordingly, Plaintiff's Motion will be stricken. However, the Court grants Plaintiff leave to renew his Motion once he complies with the Local Rules.

Accordingly, it is now

**ORDERED:**

The Clerk is directed to strike Plaintiff's Motion for Remand to State Court (Doc. #11) from the docket. Plaintiff may renew his Motion once he complies with the Local Rules for the Middle District of Florida.

**DONE** and **ORDERED** in Fort Myers, Florida, this 24th day of November, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record