UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CHRISTIAN, individually, and
on behalf of all others similarly situated

       Plaintiff,

v.                                  Case No:   2:14-cv-620-FtM-38CM

AMICA MUTUAL INSURANCE COMPANY,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Amended Motion for Remand (Doc. #14) filed on November 25, 2014.  In seeking remand of this action to the Florida state court, Plaintiff does not dispute diversity or the timeliness of removal, but instead takes issue with the amount in controversy.  (Doc. #14 at 1).  A review of Plaintiff's Complaint illustrates that Plaintiff brought this action on behalf of himself and all others similarly situated, averring that Defendant failed to pay "mileage expenses" under its medical payments insurance coverage.  (Doc. #2).  Although Plaintiff asserts that the number of class members is "at the very least in the many thousands," Plaintiff disputes whether the amount in controversy necessary for this Court to maintain diversity jurisdiction over this action has been met.  (Doc. #14 at 3).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

In support, Plaintiff points the Court's attention to the fact that his own claim is for no more than $200. (Doc. #14 at 3). Therefore, even if there are thousands of class members with similar claims, the amount in controversy would be in the hundreds of thousands of dollars, not millions. (Doc. #14 at 3). And as Plaintiff notes, the amount-in-controversy requirement for class actions is $5,000,000 in the aggregate when no single class member has a claim exceeding $75,000. (Doc. #14 at 2). Defendant failed to respond to Plaintiff's Motion. But in its Notice of Removal, Defendant averred that the amount in controversy was satisfied "based on [] Plaintiff's own allegations concerning the numerous number of putative class members, it appears relatively certain that the aggregate amount in controversy exceeds $5,000,000." (Doc. #1 at 2).

Federal courts are courts of limited jurisdiction. Accordingly, federal courts' subject matter jurisdiction is limited to claims brought pursuant to federal question and diversity jurisdiction. In the class-action context, removal to federal court pursuant to diversity jurisdiction is proper where there is minimal diversity between the parties and where an individual class member's claim exceeds $75,000 or the class' claim as a whole exceeds $5,000,000 in the aggregate. 28 U.S.C. § 1332(d); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1185 (11th Cir. 2007). The removing party bears the burden of establishing that these requirements have been satisfied. *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).

Here, the Court finds that Defendant has failed to meet its burden of establishing that the requirements for diversity jurisdiction have been satisfied. As Plaintiff notes, his individual claim is for no more than a few hundred dollars. (Doc. #14 at 3). Therefore, to meet its burden, Defendant must illustrate that the class' claim as a whole exceeds

$5,000,000 in the aggregate. Instead of providing evidence, let alone a factual argument, to meet this burden, Defendant simply provides a single conclusory sentence in its Notice of Removal that "Plaintiff's own allegations concerning the numerous number of putative class members . . . [make] it appear[] relatively certain that the aggregate amount in controversy exceeds $5,000,000." (Doc. #1 at 2). But the Eleventh Circuit has explicitly stated that "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001). Therefore, this action must be remanded back to the Florida state court.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Amended Motion for Remand (Doc. #14) is **GRANTED**.
2. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.
3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Lee County, Florida.
4. The Clerk is direct to **CLOSE** this case and terminate any and all scheduling deadlines and other pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida, this 17th day of December, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record